

**FILED**
December 20, 2024 09:54 AM
ST-2009-CV-00070
**TAMARA CHARLES**
**CLERK OF THE COURT**

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| TARIQ DAVIS, a minor, by his parents and next friends, DIANNE BYNOE and ROOSEVELT DAVIS, and DIANNE BYNOE and ROOSEVELT DAVIS on their own behalf, | ) ) ) ) | Case No. ST-2009-CV-00070 |
| **Plaintiffs,** | ) ) | **ACTION FOR DAMAGES** |
| vs. | ) ) ) | |
| AMERICAN YOUTH SOCCER ORGANIZATION, VIRGIN ISLANDS AMERICAN YOUTH SOCCER ORGANIZATION, THE UNIVERSITY OF THE VIRGIN ISLANDS, and LAVAR BROWNE, | ) ) ) ) ) | |
| **Defendants.** | ) ) ) | **JURY TRIAL DEMANDED** |

**2024 VI Super 54U**

## MEMORANDUM OPINION

¶1     **THIS MATTER** is before the Court on Defendant's University of the Virgin Islands ("Defendant" or "UVI") Motion for Partial Summary Judgment, filed on November 13, 2014. The motion is fully briefed.[1] For the reasons set forth herein, the Court will deny Defendant UVI's motion.

## BACKGROUND AND PROCEDURAL HISTORY

¶2     On February 12, 2009, Plaintiffs Tariq Davis, a minor, and his parents, Dianne Bynoe and Roosevelt Davis ("Plaintiffs") filed this action for premises liability and negligence against UVI, for injuries arising out of an incident that occurred on February 17, 2007, when Plaintiff Tariq

---

[1] Plaintiffs filed an opposition on January 16, 2015, and UVI filed its reply on February 4, 2015.

Davis v. American Youth Soccer Organization. et al
Case No. ST-2009-CV-00070
Memorandum Opinion
(re UVI's Motion for Summary Judgment for Cap on Damages)
Page 2 of 7

Cite As 2024 VI Super 54U

Davis, while at soccer practice, ran into the roadway abutting the UVI soccer field to chase an errant soccer ball.[2]

¶3 Relying upon legislation that was adopted after plaintiffs filed this suit, Defendant UVI's Motion for Partial Summary Judgment asks the court to impose a cap of $75,000 on the damages Plaintiffs may recover from UVI.

¶4 The relevant facts surrounding this Motion for Partial Summary Judgment are undisputed. UVI is a duly constituted entity of the Government of the Virgin Islands existing pursuant to 17 § 453(a) and 17 V.I.C. § 454(a). UVI has its own Board of Trustees and can sue and be sued in its own name and capacity.

¶5 On December 6, 2013, a little less than four years after Plaintiffs filed their complaint, the Governor of the Virgin Islands signed Act No. 7574 and Bill No. 30-0277 into law. Section 15 of that Act added 17 V.I.C. § 459(c) and (d), which imposed a monetary cap of $75,000 on judgments rendered against UVI in any suit against UVI for negligence unless caused by the gross negligence of a UVI employee while acting within the scope of their employment. Act 7574 did not include a specific effective date or expressly state that 17 V.I.C. § 459(c) and (d) should be applied retroactively. However, Section 1 of the same Act, which applied to another part of the Virgin Islands Code, expressly stated that "[s]ubsection (a) [of Section 1] would take effect retroactively on November 2, 2005."[3]

---

[2] Plaintiffs also sued Defendants American Youth Soccer Organization and Virgin Islands American Youth Soccer Organization. But the claims against those two defendants are not pertinent to the analysis of the motion at bar.

[3] UVI's Mot. For Partial Summ. J. Ex. 1, § 1.

Davis v. American Youth Soccer Organization, et al
Case No. ST-2009-CV-00070
Memorandum Opinion
(re UVI's Motion for Summary Judgment for Cap on Damages)
Page 3 of 7

Cite As 2024 VI Super 54U

## LEGAL STANDARD

¶6     Rule 56 of the Virgin Islands Rules of Civil Procedure contains the legal standard on a ruling for a motion for summary judgment. V.I. R. CIV. P. 56(A) provides that:

> A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense - on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

V.I. R. CIV. P. 56(a). Additionally, V.I. R. CIV. P. 56(c)(1) states that "[e]ach summary judgment motion shall include a statement of undisputed facts in a separate section within the motion." The undisputed fact shall be "supported by affidavit(s) or citations identifying specifically the location(s) of the material(s) in the record relied upon regarding such fact." *Id.*

¶7     A moving party for summary judgment bears the burden of showing no genuine issue of any material fact exists and that it is entitled to judgment as a matter of law. V.I. R. CIV. P. 56(a). After the moving party has met its burden, the opposing party "must present actual evidence showing a genuine issue for trial." *Allahar v. 2DD Bjerge Grade, LLC*, 2022 VI SUPER 18U, at *15 (V.I. Super. Ct. Feb. 10, 2022) (citing *Williams v. United Corp.*, 50 V.I. 191, 194 (V.I. 2008)). The opposing party "must provide more than a scintilla of supporting evidence to survive a motion for summary judgment." *Id.* (citing *Anderson v. Am. Fed'n of Teachers*, 67 V.I. 777, 788-89 (2017) (citing *Perez v. Ritz-Carlton (Virgin Islands), Inc.*, 59 V.I. 522, 527-28)). As such, "[t]he non-moving party may not rest upon mere allegations but must present actual evidence showing a genuine issue for trial." *Greenleaf Commons, LLC v. St. John Day Spa & Salon, LLC*, 2021 VI

Davis v. American Youth Soccer Organization, et al
Case No. ST-2009-CV-00070
Memorandum Opinion
(re UVI's Motion for Summary Judgment for Cap on Damages)
Page 4 of 7

Cite As 2024 VI Super 54U

SUPER 2U, at *8 (V.I. Super. Ct. Jan. 11, 2021) (citing *Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 229 (V.I. 2013) (quoting *Williams*, 50 V.I. at 194-95)).

¶8    V.I. R. CIV. P. 56(2)(B) provides that "a party opposing entry of summary judgment must address in a separate section of the opposition memorandum each of the facts upon which the movant has relied." Additionally, the opposing party must either agree "that the fact is undisputed for the purpose of ruling on the motion for summary judgment only" or it must state "the fact is disputed and providing affidavit(s) or citations identifying specifically the location(s) of the material(s) in the record relied upon as evidence relating to each such material fact, by number." *Id.*

¶9    In *Antilles School, Inc. v. Lembach*, the Virgin Island Supreme Court held that a judgment as a matter of law is appropriate after "considering all of the evidence . . . . the court concludes that a reasonable jury could only enter judgment in favor of the moving party." *Antilles School, Inc. v. Lembach*, 64 V.I. 400, 409 (V. I. 2016). Summary judgment is a "drastic remedy" and only proper where "the pleadings, the discovery and disclosure materials on file ... show that there is no genuine issue as to material fact[.]" *Rogers v. Gov't Employees' Ret. Sys. of United States Virgin Islands*, 2022 VI SUPER 23U, at *26 (citing *Anthony*, 58 V.I. at 228) (quoting *Williams*, 50 V.I. at 194).

¶10    As the moving party, the Defendants have the initial burden of demonstrating that there are no genuine issues as to any material fact.

Davis v. American Youth Soccer Organization, et al
Case No. ST-2009-CV-00070
Memorandum Opinion
(re UVI's Motion for Summary Judgment for Cap on Damages)
Page 5 of 7

Cite As 2024 VI Super 54U

## DISCUSSION

¶11    The sole issue before this Court is whether the $75,000 damages cap set forth in 17 V.I.C. § 459(c) and (d) is applicable to this matter given that the Plaintiffs commenced their action against UVI prior to the enactment of the statute.

¶12    First, UVI argues that the damages cap should be applied because the cap only affects final judgments by limiting the recoverable damages. Since there is no judgment in this case yet, UVI argues that a retroactivity analysis is not required. UVI further argues that, even if damages caps are retroactive, that it should still apply in this matter. Both parties agree that Act No. 7574 is silent on whether the damages cap is intended to be applied retroactively or prospectively. However, UVI argues it should be applied retroactively because it does not impair the rights a party possessed at the time the party acted, does not increase liability, and does not impose new duties in respect to transactions already completed.

¶13    Plaintiffs contend that the damages cap would have a retroactive effect and it should not be applied because it would have an impermissible retroactive effect.

¶14    In *Bramble v. V.I. Port Auth.*, the Superior Court dealt with a nearly identical situation with a damages cap that also originated from Act No. 7574 where a damages cap was placed on judgments against the Virgin Islands Port Authority..[4] Section 14 of the Act amended 29 V.I.C. § 556, by adding subsections (c) and (d), which added a $75,000 damages cap to negligence claims against VIPA.[5] It did not have an effective date either, or explicitly state if it applied retroactively.[6]

---

[4] *Bramble v. V.I. Port Auth.*, 2015 V.I. LEXIS 37, *3 (Super. Ct. 2015).
[5] *Id.* at *4.
[6] *Id.*

Davis v. American Youth Soccer Organization, et al
Case No. ST-2009-CV-00070
Memorandum Opinion
(re UVI's Motion for Summary Judgment for Cap on Damages)
Page 6 of 7

Cite As 2024 VI Super 54U

The defendant, VIPA, moved for the damages cap to apply in a case that was filed seven years before the Act was enacted.[7]

¶15    The Court in *Bramble* first found that the damages cap raises an issue of retroactivity because the damages cap would affect the plaintiff's right to recover damages in any amount determined by the trier-of-fact if she won on the merits.[8] Further, that right existed prior to the change in law, so this was an issue of retroactivity.[9]

¶16    Since the Legislature did not expressly state that the damages cap applied retroactively and was silent on the issue , the *Bramble* Court looked to see if the application of the damages cap would "impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed."[10] The Court found that applying the damages cap would have an impermissible retroactive effect because it would impair the plaintiff's right to pursue her action against VIPA as it existed at the time she filed suit.[11] Therefore, the damages cap was not applicable in *Bramble*.[12]

¶17    The same is true here. The Plaintiffs have a right to recover the amount of damages they could have received when they filed their complaint in 2009. Allowing 17 V.I.C. § 459 (c) and (d) to apply retroactively would greatly affect Plaintiffs' right to pursue their action against UVI as it existed when they filed suit in 2009 and to recover an unlimited amount, as determined by the trier-of-fact.

---

[7] *Id.*

[8] *Id.* at *11.

[9] *Id.*

[10] *Id.* at *15 (quoting *Landgraf v. USI Film Prods.*, 511 U.S. 244, 280 (1994)).

[11] *Id.* at *18.

[12] *Id.*

Davis v. American Youth Soccer Organization, et al
Case No. ST-2009-CV-00070
Memorandum Opinion
(re UVI's Motion for Summary Judgment for Cap on Damages)
Page 7 of 7

Cite As 2024 VI Super 54U

## CONCLUSION

¶18    The Court concurs with the analysis in *Bramble* and  finds that since Plaintiffs commenced their action prior to the enactment of 17 V.I.C. § 459(c) and (d), the damages cap would have an impermissible retroactive effect if applied in this matter as it would affect Plaintiffs' right to pursue their action as it existed in 2009, when they filed suit. Consequently, UVI's Motion for Partial Summary Judgment will be denied.

An Order consistent with this Memorandum Opinion will immediately follow.

DATED:  December  20 , 2024

_____
**Kathleen Mackay**
Judge of the Superior Court
of the Virgin Islands

**ATTEST:**
**TAMARA CHARLES**
Clerk of the Court

BY: _____
**LATOYA CAMACHO**
Court Clerk Supervisor  12 /23/2024